IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          ) | CR 99-0734-PHX-RGS |
|                                    ) | |
| Plaintiff/Respondent,              ) | CV 04-2441-PHX-RGS (ECV) |
|                                    ) | |
| vs.                                ) | **REPORT AND RECOMMENDATION** |
|                                    ) | |
| Antonio Espinoza-Torres,            ) | |
|                                    ) | |
| Defendant/Movant.                   ) | |
|                                    ) | |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the court are Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #497), Movant's Motion for Permission to Amend or, Alternatively, to Dismiss Without Prejudice (Doc. #537), and Movant's Re-submission of Motion for Permission to Amend or, Alternatively, to Dismiss Without Prejudice, and Proposed Amended Motion (Doc. #553).

**BACKGROUND**

On June 15, 2001, following a jury trial, Movant was convicted of 37 felony offenses including conspiracy, hostage taking, transporting and harboring illegal aliens, and multiple counts of interstate communications and possession or use of a firearm during a crime of violence. Doc. #347. Movant was sentenced to imprisonment for life plus 235 years. Movant filed a direct appeal which was consolidated with those of his co-defendants. The

Ninth Circuit Court of Appeals affirmed the convictions and sentence on October 9, 2003. United States v. Torres-Espinoza, et al., 78 Fed.Appx. 563 (9th Cir. 2003). Movant did not file a petition for writ of certiorari to the U.S. Supreme Court. On November 5, 2004, Movant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #497. The government filed a Response in Opposition on January 18, 2005. Doc. #512. Movant then filed a "Response to the Government's Answer to §2255 Motion." Doc. #515.

On May 3, 2005, Movant filed a Motion for Permission to Amend or, Alternatively, to Dismiss Without Prejudice but he failed to attach a proposed amended § 2255 motion. Doc. #537. As a result, the court ordered Movant to re-submit the motion with his proposed amendments. Doc. #542. On June 15, 2005, Movant filed a Re-submission of Motion for Permission to Amend or, Alternatively, to Dismiss Without Prejudice, and Proposed Amended Motion. Doc. #553. The government filed a response on June 29, 2005. Doc. #558. Movant did not file a reply, though he states that he only recently received the order setting a deadline for the reply because he was transferred to a different facility. Doc. #567. He has not requested additional time to file a reply. Id.

In his original § 2255 motion, Movant alleges four grounds for relief. Doc. #497 at 5. However, in his re-submitted motion to amend, Movant explains that each of the grounds alleged is frivolous and that he seeks to amend his § 2255 motion to assert a single claim.

## DISCUSSION

**A.    Re-submitted Motion to Amend[1]**

Movant contends in his re-submitted motion to amend that he should be permitted to amend his § 2255 motion to allege a claim that his lawyer failed to properly advise him of the strength of the government's case, about Pinkerton co-conspirator liability, or the potential sentence he was facing by going to trial. He contends that because he was without

---

[1] The court need not separately address Movant's first motion to amend (Doc. #537) because, although not explicitly dismissed, the motion was replaced by the re-submitted motion to amend. See Doc. #542.

1  this information, he rejected a plea offer that called for a 15 year prison sentence. Movant
2  claims that if he had known he could receive the severe sentence that was ultimately
3  imposed, he would have accepted the plea offer.

4      The government argues in its response to the re-submitted motion to amend that
5  Movant's proposed claim does not relate back to the original pleading as required under Rule
6  15(c)(2) of the Federal Rules of Civil Procedure. As a result, the government argues, the
7  claim is time barred and should be rejected.

8      A federal prisoner's motion for post-conviction relief under § 2255 is subject to a one
9  year statute of limitations that generally runs from "the date on which the judgment of
10 conviction becomes final." 28 U.S.C. § 2255. Movant's judgment of conviction became
11 final when the date for filing a petition for certiorari expired after the Ninth Circuit affirmed
12 his conviction and appeal. See Clay v. United States, 537 U.S. 522, 525 (2003) (§ 2255's
13 one-year limitation period starts to run when the time for seeking direct review through a
14 petition for certiorari with the Supreme Court expires.). The Ninth Circuit issued its decision
15 on October 9, 2003, after which Movant had 90 days to file a petition for certiorari. Sup. Ct.
16 R. 13. Thus, Movant's conviction became final for statute of limitations purposes on January
17 7, 2004.

18     Movant first proposed his new claim in his re-submitted motion to amend filed on
19 June 15, 2005, more than six months after the statute of limitations period ended. Doc. #553.
20 As a result, unless Movant's proposed amendment relates back to the date of the original §
21 2255 motion, the proposed amendment is outside the statute of limitations and must be
22 rejected.

23     Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:
24     An amendment of a pleading relates back to the date of the original pleading
       when
25                                         * * *
26     (2) the claim or defense asserted in the amended pleading arose out of the
       conduct, transaction, or occurrence set forth or attempted to be set forth in the
       original pleading . . . .
27
28

1    In Mayle v. Felix, 125 S.Ct. 2562 (2005), the Supreme Court rejected a broad reading of
2    "conduct, transaction, or occurrence" when determining whether an amended habeas petition
3    relates back to the original. The Court held that an amended petition does not relate back and
4    thereby avoid the statute of limitations bar "when it asserts a new ground for relief supported
5    by facts that differ in both time and type from those the original pleading set forth." Mayle,
6    125 S.Ct. at 2566. The Court reversed a decision by the Ninth Circuit Court of Appeals,
7    which held that the relevant "transaction" under Rule 15(c)(2) was the petitioner's trial and
8    conviction. Id. at 2568-69. The Court found that the Ninth Circuit's construction of the rule
9    would essentially "obliterate" the statute of limitations. Id. at 2571.

10   Although the petition in Mayle involved a challenge to a state court conviction under
11   28 U.S.C. § 2254, the court finds that the analysis applies with equal force to post-conviction
12   motions challenging federal convictions under 28 U.S.C. § 2255. In Movant's original §
13   2255 motion, he alleged four grounds for relief. He alleged that his lawyer failed to
14   sufficiently challenge the credibility of government witnesses during the trial; that the district
15   court abused its discretion by failing to sever his case from his co-defendants' cases; that the
16   prosecutors provided incentives for their witnesses to lie at the trial; and that he was not
17   informed of his right to contact the Mexican Consulate. Doc. #497. In his re-submitted
18   motion to amend, Movant expressly abandons all of his original claims and proposes only
19   one claim to replace them: that his lawyer failed to adequately advise him regarding the plea
20   offer. Doc. #553.

21   Applying the Mayle standard, the court finds that Movant's new ground for relief does
22   not relate back to the original § 2255 motion because it is supported by facts that differ in
23   both time and type from those set forth in the original. Movant's original claims had nothing
24   at all to do with the plea offer including whether his lawyer adequately informed him about
25   the strength of the government's case or the possible sentence he faced. Thus, the facts
26   alleged to support the new claim clearly differ in type. They also differ in time. The facts
27   surrounding the plea offer occurred well before the alleged trial errors set forth in the first
28   three original claims. The facts supporting the new claim also differ in time from the fourth

- 4 -

1 original claim which involves the failure to be informed early in the case of the right to
2 contact the Mexican Consulate. Because the new claim does not relate back to the date of
3 the original claims under Rule 15(c)(2), the claim is untimely in that it was filed after the
4 statute of limitations period. As a result, the court will recommend that Movant's re-
5 submitted motion to amend be denied.

6 **B.     Motion to Dismiss**

7         Movant requests as an alternative to the court granting him permission to amend, that
8 the court dismiss his case without prejudice. In his re-submitted motion to amend, Movant
9 explains that the four original claims in his § 2255 motion are frivolous. Regarding his
10 Mexican Consulate claim in ground four, Movant concedes that he signed a form indicating
11 that he did not want the Consulate to be notified of his arrest. He further explains how the
12 claims in grounds one, two and three are frivolous. Doc. #553 at 2-3. He concludes that
13 there is no reasonable way to amend any of his original claims. In light of Movant's express
14 abandonment of his original claims and his alternative motion requesting that his § 2255
15 motion be dismissed without prejudice, the court will treat the request as a motion for
16 voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. A dismissal
17 under this rule is without prejudice unless otherwise specified. Fed. R. Civ. P. 41(a)(2). The
18 government did not address Movant's request for dismissal in its papers. Based on Movant's
19 concession that his original claims are frivolous, the court will recommend that his request
20 to dismiss the § 2255 motion be granted.

21 **IT IS THEREFORE RECOMMENDED:**

22        (1)     That Movant's first Motion for Permission to Amend or, Alternatively, to
23 Dismiss Without Prejudice (Doc. #537) be **denied**;

24        (2)     That Movant's Re-submission of Motion for Permission to Amend or,
25 Alternatively, to Dismiss Without Prejudice, and Proposed Amended Motion (Doc. #553)
26 be **denied in part** and **granted in part**;
27                (a)    That the Motion for Permission to Amend be denied; and
28                (b)    That the Motion to Dismiss Without Prejudice be granted;

1    (3) That Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #497) be **denied and dismissed without prejudice**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 16th day of December, 2005.

_____
Edward C. Voss
United States Magistrate Judge