**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,         ) | CR 99-734-PHX-RGS |
|                                   ) | CV 04-2441-PHX-RGS |
| Plaintiff/Respondent,             ) | |
|                                   ) | **ORDER** |
| vs.                               ) | |
|                                   ) | |
| Antonio Espinoza-Torres,          ) | |
|                                   ) | |
| Defendant/Movant.                 ) | |
|                                   ) | |
|                                   ) | |

Movant, Antonio Espinoza-Torres, presently confined at the United States Penitentiary in Tucson, Arizona, filed a timely *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 5, 2004. [Doc. # 497] The Government filed a Response on January 18, 2005 [Doc. # 512], and Movant filed a Response to Government's Answer to § 2255 Motion on February 8, 2005 [Doc. # 515].

On May 3, 2005, Movant filed a Motion Requesting Permission to Amend Previously Filed § 2255 Motion, or as an Alternative, its Dismissal Without Prejudice, but he failed to attach a proposed amended § 2255 motion. [Doc. # 537] Accordingly, the Court allowed Movant thirty days to re-submit the motion with his proposed amendments. [Doc. # 542] On June 15, 2005, Movant filed a Re-Submission of Motion Requesting Permission to (1) Amend Previously Filed § 2255 Motion, or as and (sic) Alternative, its Dismissal Without Prejudice; and (2) Proposed Amended Motion to Vacate, Set Aside, or Correct Sentence, as

Required by Local Rule 15.1. [Doc. # 553] The government filed a Response on June 29, 2005. [Doc. # 558] Movant did not file a reply, although in a document filed on November 21, 2005, he stated that he only recently received the order setting a deadline for the reply because he had been transferred to a different facility. [Doc. # 567] Movant did not request additional time to file a reply. On December 19, 2005, Magistrate Judge Edward C. Voss issued a Report and Recommendation recommending that the motion to amend be denied and the motion to dismiss without prejudice be granted. [Doc. # 570] Movant has not filed any objections. The Court has reviewed the entire record. For the reasons set forth below, the Court will adopt the Report and Recommendation in part and deny both Movant's Motion for Permission to Amend and Movant's Motion to Dismiss Without Prejudice.

**I.     BACKGROUND**

On June 15, 2001, the Court entered judgment and sentenced Movant to life imprisonment, plus 235 years and terms of supervised release following jury convictions for thirty-seven felony offenses, including conspiracy, hostage-taking, transporting and harboring illegal aliens, interstate communications, and possession or use of a firearm during a crime of violence. [Doc. # 347] Movant filed a direct appeal which was consolidated with those of his co-defendants. On October 9, 2003, the Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences. *United States v. Torres-Espinoza, et al.*, 78 Fed. Appx. 563 (9th Cir. 2003).

Thereafter, one of Movant's co-defendants filed a petition for panel rehearing and petition for rehearing en banc on November 3, 2003, which was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ of certiorari to the United States Supreme Court. In his original § 2255 motion, Movant alleges four grounds for relief. [Doc. # 497 at 5] However, in his re-submitted motion to amend, Movant explains that each of the grounds alleged is frivolous and that he seeks to amend his § 2255 motion to assert a single claim.

/ / /

## II. DISCUSSION

### A. Re-Submitted Motion to Amend

Movant contends in his re-submitted motion to amend that his lawyer failed to properly advise him about the strength of the government's case, about *Pinkerton* co-conspirator liability, and the potential sentence he was facing by going to trial. Movant contends that because he was without this information, he rejected a plea offer that called for a fifteen-year prison sentence. Movant contends that if he had known of the severity of the sentence that was ultimately imposed, he would have accepted the plea offer.

The government argues that Movant's proposed claim does not relate back to the original pleading as required under Rule 15(c)(2) of the Federal Rules of Civil Procedure and that it is therefore time-barred.

A federal prisoner's petition for relief under § 2255 is subject to a one-year statute of limitations that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for certiorari must be filed within ninety days after the judgment or order to be reviewed. Sup. Ct. R. 13. However, if a timely petition for rehearing is filed in the lower court by any party, the time to file the petition for certiorari runs from the date of the denial of the petition for rehearing. *Id*. This applies to all parties, whether or not they requested rehearing or joined the petition for rehearing. *Id*.

In the present case, the Ninth Circuit issued its decision affirming the convictions and sentences on October 9, 2003. However, the Ninth Circuit docket reflects that co-defendant Ricardo Torres-Espinoza filed a timely petition for rehearing on November 3, 2003, which was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ of certiorari after the petition for rehearing was denied. Accordingly, for statute of limitations purposes, Movant's judgment of conviction became final on March 3, 2004,

1  ninety days after the petition for rehearing was denied.  Movant was required to file his §
2  2255 petition within one year of that date.
3  Movant first proposed his new claim in his re-submitted motion to amend filed on
4  June 15, 2005, more that three months after the statute of limitations period ended. [Doc. #
5  553]  Accordingly, unless Movant's proposed amendment relates back to the date of the
6  original § 2255 motion, the proposed amendment is outside the statute of limitations and
7  must be rejected.  In his re-submitted motion to amend, Movant admits that his new claim
8  does not related back to any of his original grounds. [Doc. # 553 at 3]
9  Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:
10  An amendment of a pleading relates back to the date of the original pleading when
11  . . .
12  (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the
13  original pleading . . . .
14  In *Mayle v. Felix*, 125 S. Ct. 2562 (2005), the Supreme Court rejected a broad reading of
15  "conduct, transaction, or occurrence" when determining whether an amended habeas petition
16  relates back to the original.  The Supreme Court held that an amended petition does not relate
17  back and thereby avoid the statute of limitations bar "when it asserts a new ground for relief
18  supported by facts that differ in both time and type from those the original pleading set
19  forth."  *Id*. at 2566.  Although the petition in *Mayle* involved a challenge to a state court
20  conviction under 28 U.S.C. § 2254, the Court finds that the analysis also applies to post-
21  conviction motions challenging federal convictions under 28 U.S.C. § 2255.
22  In his Report and Recommendation, the Magistrate Judge applied the *Mayle* standard
23  and found that Movant's new ground for relief does not relate back to the original § 2255
24  motion because it is supported by facts that differ in both time and type from those set forth
25  in the original. In his original petition, Movant alleged that his lawyer failed to sufficiently
26  challenge the credibility of government witnesses during the trial; that the district court
27  abused its discretion by failing to sever his case from the cases of his co-defendants; that the
28  prosecutors provided incentives for their witnesses to lie at trial; and that he was not

- 4 -

1 informed of his right to contact the Mexican Consulate. The Magistrate Judge concluded that
2 these claims had nothing to do with the plea offer including whether his lawyer adequately
3 informed him about the strength of the government's case or the possible sentence he faced,
4 and thus the facts alleged to support the new claim clearly differ in type. The Magistrate
5 Judge also concluded that the facts supporting the new claim also differ in time because the
6 facts surrounding the plea offer occurred well before the alleged trial errors set forth in the
7 original three claims, and that they also differ in time from the fourth claim, which involved
8 the failure to be informed early in the case of the right to contact the Mexican Consulate.
9 The Court agrees with the Magistrate Judge's conclusion that the new claim does not relate
10 back to the date of the original claims and therefore the claim is untimely. Accordingly, the
11 Court will adopt the Magistrate judge's recommendation that Movant's re-submitted motion
12 to amend be denied.

**B.    Motion to Dismiss**

Movant requests as an alternative to the Court granting him permission to amend, that the Court dismiss his motion without prejudice. Movant has expressly abandoned the four claims in his § 2255 motion: he concedes that he signed a form indicating that he did not want the Consulate to be notified of his arrest. Movant further explains that the grounds in the other three claims are frivolous. [Doc. # 553 at 2-3] Accordingly, because any attempt to file a new § 2255 would be deemed untimely, and any attempt to file a new claim would be futile because there will be no claims remaining after dismissal to relate back to, the Court will deny Movant's request to dismiss his case without prejudice and will dismiss the case with prejudice.

**III.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** adopting in part the Report and Recommendation of the Magistrate Judge. [Doc. # 570]

1  **IT IS FURTHER ORDERED** denying Movant's first Motion Requesting Permission to Amend Previously Filed § 2255 Motion, or as an Alternative, its Dismissal Without Prejudice. [Doc. # 537]

**IT IS FURTHER ORDERED** denying Movant's Re-Submission of Motion Requesting Permission to (1) Amend Previously Filed § 2255 Motion, or as and (sic) Alternative, its Dismissal Without Prejudice; and (2) Proposed Amended Motion to Vacate, Set Aside, or Correct Sentence, as Required by Local Rule 15.1. [Doc. # 553]

**IT IS FURTHER ORDERED** dismissing Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 with prejudice. [Doc. # 497]

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this order.

DATED this 18th day of September, 2007.

_____
Roger G. Strand
Senior United States District Judge